UNITED STATES, Appellee,

v.

Private E–1 William P. REGAN, SSN
022–54–0946 United States
Army, Appellant.

SPCM 15221.

U. S. Army Court of Military Review.

11 June 1981.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Elliot J. Clark, Jr., JAGC,
and Captain Charles E. Trant, JAGC, were
on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B.
Borek, JAGC, Major Robert B. Williams,
JAGC, and Captain Lawrence W. Fitting,
JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

■ Among the offenses of which appellant was convicted pursuant to his pleas of
guilty was one alleging that he threw butter on the ceiling of the mess hall, conduct
further described in the specification as being prejudicial to good order and discipline
and service discrediting.[1] The appellant

1. Appellant pleaded guilty to and was convicted of escape from custody (Article 95, UCMJ),
throwing butter on the ceiling of mess hall

(Article 134, UCMJ), falsely identifying himself
(Article 134, UCMJ), discharging a claymore
mine before the proper command (Article 134,

now asserts in this appeal pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866, that the specification does not state an offense and that his plea of guilty to that offense was improvident. We agree.

Throwing butter on the ceiling is not a named offense under the Code nor is it such a long-recognized and serious delict as to be listed in the Table of Maximum Punishments or to be included in the form specifications in Appendix 6, Manual for Courts-Martial, United States, 1969 (Revised edition). The conduct did not violate any order and it was not charged as an offense against military property.

 The most logical characterization of this conduct would be as a simple disorder under Article 134, UCMJ, and the wording of the specification initially contained the allegation that the appellant was "disorderly in station by throwing butter on the ceiling. . . ." That specification alleged an offense under the general article but for some inexplicable reason the trial counsel amended the specification prior to the plea to delete the allegation that the conduct was disorderly. No other words of criminality were substituted.[2] Although it is not necessary under Article 134, UCMJ, to allege expressly that the conduct is a disorder or neglect, where such an allegation is made to denote as criminal that which could otherwise be innocent conduct, then the use of the allegation of a disorder is critical.

 The general article is not "a catchall as to make every irregular, mischievous, or improper act a court-martial offense. . . ." *United States v. Sadinsky*, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964). The discussion of the general article from Colonel Winthrop's learned treatise[3] to the Supreme Court of the United States in *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 495

(1974) emphasizes that the conduct proscribed must be recognized readily as being criminal and must have a direct and immediate adverse impact upon discipline. In our opinion, the appellant's conduct as described in the specification does not meet that test.

The remaining assigned errors have been considered and are found to be without merit.

The finding of guilty of Specification 1, Charge II, is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge GARN concurs.

LEWIS, Judge, concurring in part and dissenting in part:

Two of the appellant's assignments of error focus upon a specification laid under Article 134, Uniform Code of Military Justice. As amended, it alleged in pertinent part that "[the appellant] . . . threw butter on the ceiling in The Dining Facility of the 307th Engineer Battalion. This being conduct which is prejudicial to the good order and discipline of the Armed Forces and service discrediting." Prior to its amendment on the motion of the prosecution, the specification included language that alleged disorderly conduct by throwing butter.

I disagree with the majority's opinion that the final form of the specification fails to state an offense because it omits words of criminality. Many acts (or inactions) are inherently neutral; they are innocent or unlawful depending upon their circumstances. Accordingly, such inherently neutral acts, when the subject of a specification of a charge, require words of criminality. *United States v. Lockstrom*, 48 C.M.R. 202 (A.F.C.M.R. 1974). The allegation that the specific acts were to the prejudice of good order and discipline and service discreditable adds nothing of legal effect to the speci-

---

UCMJ), and willfully disobeying a noncommissioned officer (Article 91, UCMJ), 10 U.S.C. § 891. He was sentenced to a bad conduct discharge.

**2.** Words importing criminality should be added to describe the accused's conduct when the alleged act is not proscribed by one of the

punitive articles, but if the act would not be an offense under any circumstances, the words of criminality add nothing. Para. 28a(3), MCM, 1969 (Rev. ed).

**3.** Winthrop, Military Law and Precedents, Second edition, 1920 Reprint, at pages 720–733.

fication. *See generally United States v. Marker*, 1 U.S.C.M.A. 393, 3 C.M.R. 127 (1952); *United States v. Lockstrom, supra; United States v. Wolfson*, 36 C.M.R. 722 (A.C.M.R. 1966); *United States v. French*, 25 C.M.R. 351 (A.F.B.R. 1958). In the instant case, the specification alleged that the appellant "threw" (which connotes a purposeful act) butter on the ceiling of the unit mess hall. In my view, such conduct, by any fair reading, cannot fail to be a simple disorder in station. I decline to embark upon a flight of fancy and hypothesize that butter could end up on the *ceiling* by accident. The specification alleges that appellant threw it there. Moreover, it did not end up on the floor, as where it might have been dropped inadvertently. Likewise, it is fanciful to suggest that there could be any legitimate reason whatsoever to throw a foodstuff on an overhead surface in a mess hall. Accordingly, while it would have been better form to plead the general character of the act as a disorder, in my opinion the omission is not fatal.

I likewise disagree with the appellant's assertion that the military judge's inquiry under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969) was inadequate. It was minimally adequate.

I agree that appellant's other assigned errors also lack merit and that the remaining findings of guilty and the sentence should be affirmed.