**UNITED STATES, Appellee,**

v.

**Private (E–2) Michael A. KLINE SSN 224–15–2225, United States Army, Appellant.**

**SPCM 17647.**

U. S. Army Court of Military Review.

11 March 1983.

Colonel William G. Eckhardt, JAGC, Captain James A. McAtamney, JAGC, and Captain Michael D. Graham, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was tried by a special court-martial composed of officers at Fort Meade, Maryland. In accordance with his pleas he was convicted of reckless driving, wrongfully leaving the scene of an accident, and eluding a police officer, violations of Articles 111 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 911, 934 (1976). The appellant was sentenced to a bad-conduct discharge and confinement at hard labor for four months. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement at hard labor for forty-five days.

Appellant contends that the offense of resisting apprehension under Article 95, UCMJ, 10 U.S.C. § 895, preempts charging the offense of eluding the police (Specification 2 of Charge II) under Section 904 of Title 21 of the Transportation Article of the Maryland Code as assimilated by 18 U.S.C. §§ 7 and 13 (1976) under Article 134, UCMJ. We do not agree.

Appellant was observed by a military policeman driving an automobile in the wrong direction on a one-way street located on Fort Meade, Maryland. The military policeman activated the emergency equipment on his military police sedan and began to pursue appellant's vehicle in an attempt to apprehend the appellant. The appellant fled at a high rate of speed (at times in excess of 100 miles per hour). Subsequently, appellant's vehicle skidded through an intersection, struck a curb and road marker and came to a halt. The impact severely damaged the vehicle, and also injured the vehicle's passenger. Appellant fled the accident site on foot. He surrendered the following day to the military police. Prior to entering his pleas, the appellant moved to dismiss Specification 2 of Charge II for the same reasons he asserts on appeal.

■ Application of the preemption doctrine requires that we affirmatively answer two questions: whether Congress intended to limit prosecution for wrongful conduct within a particular area or field of offenses defined in specific articles of the UCMJ, and whether the offense charged is composed of a residuum of elements of a specific offense and asserted to be a violation of Article 134, UCMJ. *See United States v. Wright,* 5 M.J. 106, 110–11 (C.M.A.1978).

■ Both questions are answered in the negative. In our view, Congress did not intend to limit prosecution of resisting proper acts of authority to those demonstrated acts of resistance under Article 95, UCMJ, and the charged offense of fleeing or eluding a police officer is not a residuum of elements of Article 95, UCMJ. As an example, Article 90, UCMJ, 10 U.S.C. § 890 (offering violence to a superior commissioned officer; willful disobedience of a superior commissioned officer), Article 91, UCMJ (assault on a warrant officer or non-commissioned officer while in the execution of his office; willful disobedience of a lawful order of a warrant officer or noncom-

missioned officer), Article 128, UCMJ, 10 U.S.C. § 928 (assault upon a military policeman while in the execution of his office), and Article 134, UCMJ (breaking restriction), all proscribe conduct involving resistance to proper acts of authority and reflect a Congressional intent that Article 95, UCMJ, was not the exclusive offense for such acts of resistance.

The offense of resisting apprehension under Article 95, UCMJ, is designed to protect those persons empowered to apprehend from harm or injury as they seek to restrain an individual who is believed to be or has been engaged in criminal conduct. Section 904 of Title 21 of the Transportation Article of the Maryland Code is applicable only to individuals operating motor vehicles. There is no requirement that criminal conduct be suspected and the basis for a traffic stop can be wholly administrative. Its purpose is not only that of aiding the policeman in performing his duties, but to protect the general public from the great risk of serious injury or property damage inherent in a high-speed vehicular chase.

The findings of guilty and the sentence are affirmed.