UNITED STATES, Appellee,

v.

Private First Class Tommy L. HARRIS, 545–17–7442, United States Army, Appellant.

ACMR 8701219.

U.S. Army Court of Military Review.

16 March 1988.

**910**

For Appellant: Major Russell S. Estey, JAGC, Captain Peter V. Train, JAGC USAR, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, a special court-martial consisting of commissioned officers and enlisted personnel found the appellant guilty of leaving his place of duty without authority, disrespect and willful disobedience of a noncommissioned officer, drunk driving, and resisting lawful apprehension, in violation of Articles 86, 91, 111, and 95, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 891, 911, and 895 (1982), respectively. The court adjudged a sentence of a bad-conduct discharge, confinement for three months, forfeiture of $200.00 pay per month for three months, and reduction to the grade of Private E–1. The convening authority approved the sentence except that he reduced confinement to thirty-four days, limited the forfeiture of pay to one month, and suspended the bad-conduct discharge for six months.

■ Appellant contends the conduct alleged did not constitute the offense of resisting apprehension under Article 95, UCMJ. The specification in question stated that appellant resisted being apprehended "by willfully failing to bring his vehicle to a stop or otherwise fleeing or attempting to elude the said military policeman when given visual or audible signals to do so." The court finds that this conduct constituted resisting apprehension in violation of Article 95, UCMJ.

On 22 February 1987, about 0230 hours, Corporal Mitchell, a military policeman patrolling in a military police car, saw a civilian automobile pass him in the opposite direction travelling in excess of the thirty-five miles per hour speed limit and run a stop light. He turned around and pursued the vehicle. When it continued to accelerate, Corporal Mitchell turned on his emergency red light and siren, intending for the speeding vehicle to stop. Instead, the civilian automobile accelerated to seventy-five miles per hour in a forty-five-mile per hour speed zone and "swayed" across the lines on the roadway. The chase proceeded for three or four miles across Fort Riley while Corporal Mitchell radioed for assistance. He pursued the vehicle off the installation and into a civilian trailer park. Appellant parked his automobile in front of a house trailer and fled on foot into a nearby wooded area. Corporal Mitchell placed the appellant in handcuffs soon thereafter as he surreptitiously tried to enter the trailer. The military judge denied motions to dismiss this specification for failure to state the offense of resisting apprehension under Article 95, UCMJ, and for the government's failure to prove it.

### A. Attempted Apprehension

■ An "apprehension" is the "taking of a person into custody." Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 302(a)(1). It differs from "investigative detention," which may be made on less than probable cause, and normally for a relatively short period of custody. R.C.M. 302(a)(1), *Discussion*. Customarily, as Corporal Mitchell originally intended here, police detain persons stopped for routine traffic violations only long enough to issue a warning or citation for traffic offenses and to address any suspicions of more serious conduct. Normally, only major traffic-related offenses, such as drunk or reckless driving, result in "apprehensions." Probable cause for apprehension may arise from the observations of a military policeman. *See United States v. Texidor–Perez*, 7 M.J. 356, 360 (C.M.A.1979). *Cf. United States v. Schneider*, 14 M.J. 189, 194 (C.M.A.1982).

Applying these rules and well-understood police practices to this case, Corporal Mitchell at first properly treated this matter as making an administrative stop or brief detention for routine traffic violations. When the appellant failed to stop and then recklessly increased his speed to elude him, and "swayed" across the marked lanes of the roadway, Corporal Mitchell had probable cause to apprehend the appellant for two offenses, reckless driving under Article 111, UCMJ, and having failed to stop on the order of a police officer under Article 92, UCMJ, 10 U.S.C. § 892.[1] Consistent with our view of the matter, as the chase continued Corporal Mitchell had probable cause to apprehend the appellant for resisting apprehension as well.[2]

This case presents the issue of whether the military policeman attempted an apprehension. We find that he did. The military policeman's testimony in this regard is ambiguous. While he testified that his intent throughout the chase was to stop the vehicle, he also testified that "[a]fter going that fast ... it probably would have been an apprehension," and that the appellant wouldn't be free to go any place, "[n]ot until I finish." The law regarding apprehension, however, does not turn on the police officer's subjective motive. What matters is what he communicated to the appellant. *See United States v. Sanford,* 12 M.J. 170, 174 (C.M.A.1981) (objective-circumstances test applied to determine whether appellant was being restrained for law enforcement purposes). Rule for Courts–Martial 302(d)(1) has the same objective standard which provides that notice for apprehension "may be implied by the circumstances." The M.C.M., 1984 added this language to earlier Manual for Courts–Martial provisions that "notice should be given orally or in writing." *See United States v. Cordero,* 11 M.J. 210, 215 (C.M.A. 1981); *United States v. Kinane,* 1 M.J. 309, 314 (C.M.A.1976). We find the following circumstances pertinent here: (a) military law holds the appellant to know he was violating a Fort Riley lawful general regulation by eluding the police officer who notified him to stop for traffic violations,[3] (b) the appellant drove recklessly, (c) the military policeman gave the appellant the available, well-understood notice to stop, (d) duty bound the military policeman to apprehend the appellant for these offenses, (e) pursuant to Corporal Mitchell's report, the military police attempted a roadblock, (f) other military police came to the scene and Corporal Mitchell had civilian police summoned, and (g) Corporal Mitchell placed the appellant on the ground, handcuffed, and searched him immediately when the opportunity arose. Without doubt, the circumstances manifest an attempted apprehension: apprehension would be effected on catching the appellant (absent some unknown intervening circumstance) and, indeed, apprehension so occurred.

Further, police pursuit through Fort Riley with the vehicle's emergency equipment on, and the continued chase off the military installation gave the appellant adequate notice that the military policeman was attempting to apprehend him. *See* R.C.M. 302(d)(1). Much as a bank robber hailed by light and siren of an alerted police officer, the appellant must be held to know he

---

1. The military police reported this incident, in part, as, and the government originally charged appellant with, violation of a lawful general regulation "by willfully failing to bring his vehicle to a stop or otherwise fleeing or attempting to elude military police when given visual or audible signals." In any event, the appellant had the duty to obey the order to stop because it was issued by a military policeman, and communicated through the emergency red light and siren of the military police vehicle used in pursuit of the appellant. M.C.M., 1984, Part IV, para. 16c(2)(c)(ii).

2. Corporal Mitchell also suspected drunk driving because of all factors described above. We do not find probable cause for apprehension for drunk driving arose, however, until after Corporal Mitchell placed handcuffs on the appellant in front of the house trailer and then smelled a heavy odor of alcohol on his breath. Thus, the resistance to apprehension issues must be decided independently of the evidence of drunk driving.

3. M.C.M., 1984, Part IV, para. 16c(1)(d). Knowledge of a lawful general regulation need not be alleged or proved.

would be apprehended when the police officer caught him.

## B. Resistance to Apprehension

Next, we consider whether the appellant's flight constituted sufficient resistance for the Article 95, UCMJ offense. *See* M.C.M., 1984, Part IV, para. 19c(1)(c) ("The resistance must be active, such as assaulting the person attempting to apprehend or flight."). *See also United States v. Mercer*, 11 C.M.R. 812, 818 (A.F.B.R. 1953); *United States v. McCutchins*, 37 C.M.R. 678, 681 (A.B.R.1967).

In *Mercer*, an air policeman had been directed to place the accused in "protective custody." The air policeman directed the accused to accompany him. When the accused refused and moved behind a chair, the air policeman did not attempt "to take him by force," but left the room to call for assistance. The accused was seen "running away" from the barracks. The board of review held that the accused's flight "from the vicinity before anyone gets close enough to lay a hand on him, or otherwise restrict his movement" constituted "resisting apprehension" within the purview of Article 95, UCMJ. *United States v. Mercer*, 11 C.M.R. at 818. Further, that the flight of the accused was made outside the "physical presence" of the air policeman did not preclude conviction. Accordingly,

the challenge to conviction—that the resistance there was not active—failed.

The principle that resistance to apprehension can occur by flight applies to vehicular flight as well as to running away. Numerous state courts have found vehicular flight from arrests, including those with notification by a vehicle's emergency lights or sirens, to constitute resisting arrest. *See, e.g., Spears v. State*, 412 N.E.2d 81, 83 (Ind.Ct.App.1980) (state statute describing flight from law enforcement officer as "resisting law enforcement" included speeding away in auto). Military law provides an analogue to a civilian statute in this regard. The M.C.M., 1984 provision that resistance to apprehension can arise by flight has the force and effect of law; it merely implements the UCMJ and is not inconsistent with it.[4] *See United States v. Kinane*, 1 M.J. at 313. *See also State v. Freeman*, 411 So.2d 1068 (La.1982); *State v. Hines*, 465 So.2d 958 (La.Ct.App.), *cert. denied*, 467 So.2d 536 (La.1985); *McFerrin v. State*, 339 So.2d 127 (Ala.Crim.App.1976). *See generally State v. Blanton*, 166 N.J. Super. 62, 398 A.2d 1328, 1332–1333 (1979) (flight knowingly intended to prevent police officer from effecting arrest constitutes common-law crime of resisting arrest); Annotation, What Constitutes Obstructing or Resisting an Officer in the Absence of Actual Force, 44 A.L.R.3d 1018, 1052 (1972 & Supp.1987).[5] Accordingly, we find the ap-

---

4. Similar provisions were in M.C.M., 1951 and M.C.M., 1969 (Rev. ed.), para. 174a: Resisting apprehension consists of an active resistance to the restraint attempted to be imposed by the person apprehending. Such resistance may be accomplished by flight or by assaulting or striking the person attempting to apprehend.

5. We, unlike our dissenting brother, do not find *United States v. Kline*, 15 M.J. 805 (A.C.M.R. 1983), *aff'd on other grounds*, 21 M.J. 366 (C.M. A.1986) (petition for review was denied on Article 95 preemption issue), persuasive authority on the issue before the court. In *Kline* this court found that Article 95, UCMJ, resisting apprehension, did not preempt charging the accused under Article 134, UCMJ, 10 U.S.C. § 934, with violating an assimilated Maryland statute by eluding a policeman, who could have been attempting merely an administrative stop rather than apprehension or arrest. This court recognized that the purpose of including resistance to apprehension under Article 95, UCMJ, was for safety of the military policeman; in contrast, the assimilated Maryland offense of eluding a

policeman was intended to aid the policeman in performing any of his duties that required stopping a vehicle as well as to protect the general public from the dangers of high-speed automobile chases. *United States v. Kline*, 15 M.J. at 807 ("the basis for a traffic stop can be wholly administrative"). Thus, the nature of the authority to be enforced was different from that covered under Article 95.

Moreover, that Kline was convicted of eluding a police officer, when he could have been charged with and convicted of resisting apprehension does not preclude charging another soldier with resisting apprehension when the objective circumstances show that apprehension was attempted and resisted. Similarly, charging a soldier under Article 121, UCMJ, 10 U.S.C. § 921, with stealing a military rifle does not preclude charging another soldier under Article 108, UCMJ, 10 U.S.C. § 908, with wrongful disposition of military property through the same theft. *United States v. Banks*, 20 M.J. 166, 170 (C.M.A.1985). We also note that the denial of a petition for grant of review does not have prece-

pellant's flight was resistance to apprehension under Article 95, UCMJ.

We have considered the other matter raised by counsel and those personally raised by appellant. They are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER concurs.

ROBBLEE, Judge, dissenting:

In my view, if Article 95 did not preempt an Article 134 prosecution assimilating a state statute punishing eluding a police officer by vehicular flight, an Article 95 prosecution for such an offense cannot logically be sustained. *United States v. Kline*, 15 M.J. 805, 806 (A.C.M.R.1983). Moreover, resisting apprehension requires proof that *a certain person attempted an apprehension* as distinct from the existence of probable cause to apprehend or a reasonable belief in the proposed apprehendee that apprehension was intended by another. M.C.M., 1984, Part IV, para. 19b(1)(a). While apprehension may be effected by implication, *see* M.C.M., 1984, R.C.M. 302(d)(1), *United States v. Kinane*, 1 M.J. 309 (C.M.A.1976), the evidence in the case at bar, particularly the testimony of the arresting officer alluded to in the majority opinion, does not convince me beyond a reasonable doubt that the arresting officer was attempting an apprehension while in hot pursuit. Moreover, the appellant offered no resistance to apprehension when finally apprehended after the chase ended. Thus, in my view, resisting apprehension was not factually established in these circumstances. Specifically, in the first instance, I am unconvinced that an apprehension was attempted. In the second instance, I am not satisfied that resistance was offered. The object of Article 95, UCMJ, is the protection of the arresting officer. *United States v. Kline*, 15 M.J. at 807. Neither danger without an "attempted apprehension" nor "apprehension" without resistance are within the reach of Article 95. Accordingly, I respectfully submit my dissent.

---

dential value. *United States v. Mahan*, 1 M.J. 303, 307 n. 9 (C.M.A.1976); *United States v.* *Selke*, 4 M.J. 293 (C.M.A.1978) (Cook, J., dissenting in summary disposition).