**UNITED STATES, Appellee,**

v.

**Private E–1 Dwight P. WILLIAMS, 564–04–5944, United States Army, Appellant.**

**ACMR 8701549.**

U.S. Army Court of Military Review.

29 April 1988.

For Appellant: Major Russell S. Estey, JAGC, Captain Richard J. Anderson, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of absence without leave, larceny of a running suit from a post exchange, and wrongful flight from the post exchange to avoid apprehension in violation of Articles 86, 121, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 921, and 934 (1982), respectively. The military judge, sitting as a special court-martial, sentenced the appellant to a bad-conduct discharge, forfeiture of $250.00 pay per month for two months, and confinement for two months. The convening authority approved the sentence.

The appellant moved at arraignment to dismiss the charge under Article 134 for failure to state an offense. At that time its specification pertinently stated that the appellant wrongfully fled the Post Exchange "while being detained by the Fort Ord Main Exchange Store Detective for processing and for the Military Police to be contacted to affect [sic] the apprehension." The military judge viewed the charge and specification as an attempt to charge resisting apprehension, in violation of Article 95, 10 U.S.C.A. § 895, without alleging that the official attempting apprehension had the authority to do so. He stated that he would dismiss the charge unless the government moved to amend the specification to add that the store detective had authority to apprehend. Thereupon the government moved to amend the specification by adding that the store detective was "a person authorized to apprehend the accused." The defense objected that this was improperly a major amendment to the alleged offense. The military judge overruled the objection. The appellant pleaded guilty to the amended specification under Article 134. During the providence inquiry the appellant stated that he had been apprehended by the civilian store detective at the front of the Fort Ord Main Post Exchange. The store detective took him to the rear of the exchange, where she told him to remove the stolen running suit he was wearing. He fled the exchange when she turned away.[1]

The appellant asserts that the military judge erred to the appellant's prejudice by permitting this amendment to a specification that had not stated an offense. To do so, the appellant contends, would be a major amendment to the specification, which is not permissible over objection without

---

1. The providence inquiry did cover the elements of Article 134, including that appellant's action was prejudicial to good order and discipline or was of a nature to bring discredit upon the armed forces. *See United States v. Brown,* 18 M.J. 360, 361 (C.M.A.1984); *United States v. Seymore,* 19 M.J. 608, 609 (A.C.M.R.1984).

repreferral and a new referral to trial. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 603 and its discussion. We find no prejudice to the appellant from the amendment because the amendment was without effect and the specification, as referred to trial, properly described conduct that violated Article 134.

■ The specification as amended alleged an offense of resisting apprehension. However, since the exchange detective did not have the authority to apprehend,[2] the addition of this element had no legal effect. Neither did it meet the requirements of a "major amendment." *See United States v. Arbic*, 36 C.M.R. 448, 451 (C.M.A.1966) (analysis of major and minor amendments, including that the accused must not be misled by the amendment). The appellant intended to plead guilty to the specification before the amendment, he did so afterwards, and his conduct was allegedly the same under both specifications. *Cf. United States v. Watkins*, 21 M.J. 208, 210 (C.M.A.1986) (noting that appellant pleaded guilty to the specification in question pursuant to a pretrial agreement).

■ Conduct may be punished under Article 134 if it is "directly and palpably" prejudicial to good order and discipline, *Parker v. Levy*, 417 U.S. 733, 753, 94 S.Ct. 2547, 2560, 41 L.Ed.2d 439 (1974), and easily recognizable as criminal. *United States v. Johanns*, 20 M.J. 155, 161 (C.M.A.1985). *See* M.C.M., 1984, Part IV, para. 60(c)(2)(a) (acts prejudicial to good order and discipline under Article 134 must be "reasonably direct and palpable"). In addition, service discrediting acts may be punished under Article 134. Such acts must have a "tendency to bring the service into disrepute" or lower it in public esteem, including such acts in violation of local civil law. M.C.M., 1984, Part IV, para. 60(c)(3). *See United States v. Seymore*, 19 M.J. at 609 (resisting apprehension by foreign police officials did not violate Article 95 but did

violate Article 134); *United States v. Kline*, 15 M.J. 805 (A.C.M.R.1983), affirmed on other grounds, 21 M.J. 366 (C.M.A.1986). *See also United States v. Kick*, 7 M.J. 82, 84 (C.M.A.1979) (negligent homicide punishable under Article 134); *United States v. Wright*, 5 M.J. 106 (C.M.A.1978) (a void in Articles 128 and 130, UCMJ, permitted application of state crime of "burglary of automobile" under Article 134). *Cf. United States v. Regan*, 11 M.J. 745, 746 (A.C.M.R.1981) (without alleging words of criminality, throwing butter on mess hall ceiling not readily recognized as criminal under Article 134). We note that when assessing whether conduct is punishable under Article 134, we focus on the nature of the act alleged taken as a whole rather than the element of prejudice to good order and discipline or service discredit. *Cf. United States v. Jefferson*, 14 M.J. 806, 809 (A.C.M.R.1982) (noting that an allegation in the specification of conduct unbecoming an officer and a gentleman, under Article 133, was surplusage for weighing whether the act itself, as alleged, met the test for statutory proscription, citing *United States v. Sell*, 11 C.M.R. 202, 206 (C.M.A.1953)), *modified on other grounds*, 21 M.J. 203 (C.M.A.1986).

■ Applying these standards, we find that wrongful flight from detention by an Exchange detective to avoid apprehension by the military police, as alleged, is prejudicial to good order and discipline and service discrediting under Article 134. The Exchange detective could detain an offender for delivery to a peace officer, as any citizen may for an offense committed in her presence. *See People v. Zelinski*, 594 P.2d 1000, 1002 (Sup.Ct.Cal.1979). Moreover, the Exchange directive also provided that civilian employees could detain customers suspected of shoplifting.[3] Such flight from detention for impending apprehension and the procedures of military discipline, as alleged here, has an immediate adverse impact on discipline and projects soldiers to

---

2. Exchange Service Manual 16–1, June 1984 (ch. 14), paras. 6–25 through 6–30. We judicially note this regulation. *See* M.C.M., 1984, Military Rules of Evidence 201A.

3. *See* note 2.

the observant community as thieves. Thus, flight from detention by the Exchange detective was prejudicial to good order and discipline, service discrediting, and "criminal." It can be the subject of the original specification, under Article 134, unless it has been preempted. M.C.M., 1984, Part IV, para. 60(c)(5)(a).

The preemption doctrine has two facets. First, Congress must have intended for one article of the UCMJ to cover the misconduct in question. Second, the conduct in question cannot be a mere residuum of elements from an offense under the UCMJ. M.C.M., 1984, Part IV, para. 60(c)(5)(a). *See United States v. Wright,* 5 M.J. at 110–11. In testing this novel application of Article 134 under the preemption doctrine, we find no evidence that Congress intended that Article 95 should cover more than resisting apprehension or escape from custody of those with military authority.[4] *See* M.C.M., 1984, R.C.M. 302(b) and its Analysis, at A21–12. *Cf. United States v. Kick,* 7 M.J. at 85 (preemption will not be applied unless it is shown that Congress intended to cover a "class of offenses" under that punitive article). Furthermore, this court has found that Article 95 does not preempt punishment of resistance to authority related to, but distinct from the elements of resisting apprehension. *See United States v. Kline,* 15 M.J. 805 (resisting a proper act of authority, such as eluding police officer signalling for a stop, is punishable under Article 134, UCMJ, as an assimilated state law, and is not preempted by Article 95, UCMJ). Similarly, in this case, the original charge did not allege an attempted apprehension and an applicable regulation precluded the detaining employee from apprehending the soldier. Without flight from one authorized to apprehend, it will always be impossible to find guilt under Article 95 for this conduct. As noted

in *Kline,* however, resistance to authority is punished under the UCMJ even when not all the elements of Article 95 are present. Accordingly, the charged misconduct was not a residuum of Article 95 elements. *Cf. United States v. Pansoy,* 11 M.J. 811, 814 (A.F.C.M.R.1981) (civilian security guard of post exchange not acting in governmental capacity in detaining and searching shoplifter).

To the extent of its original wording, the military judge properly accepted the plea of guilty to flight from detention to avoid apprehension.[5] Consequently, we will modify the findings of guilty of the Specification of Charge III, to delete that the AAFES employee had authority to apprehend, as this element was without basis in law, and affirm the remainder of the finding of guilty. *See* R.C.M. 1203(b) discussion (Court of Military Review may affirm "such part of a finding of guilty as includes an included offense" and set aside a finding based on an error of law materially prejudicial to substantial rights of accused, Article 59(a)); *cf. United States v. Lee,* 1 M.J. 15, 17 (C.M.A.1975) (mere surplusage in allegations can be disregarded); *United States v. Cimoli,* 10 M.J. 516, 518 (A.F.C.M.R.1980) (Court of Military Review set aside description of the form of marijuana as surplusage in affirming finding, based on plea, of wrongful use of marijuana).[6]

The adjudged and approved sentence is appropriate and would not have been less absent this error. *See United States v. Sales,* 22 M.J. 305, 309 (C.M.A. 1986).

The court affirms only so much of the findings of guilty of Charge III and its Specification as finds that the appellant did, on or about 3 April 1987, while being detained by the Fort Ord Main Exchange Store Detective for processing and for the

---

4. The Index and Legislative History, Uniform Code of Military Justice (Washington, D.C. 1950), Hearing before a Subcommittee of the House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, does not contain a discourse on the scope of Article 95.

5. Appellant affirmed his belief of guilt of each of the elements of the Article 134 offense, fully

explained by the military judge and consistent with his offer to plead guilty to it. We see no unfairness resulting from the addition of surplus language which had no legal effect.

6. Therefore, the second allegation of error that the guilty plea should not have been accepted because of the added element, need not be addressed further.

Military Police to be contacted to affect the apprehension of the said Private El Dwight P. Williams, wrongfully flee the scene to avoid lawful apprehension. Said conduct, under the circumstances was of a nature to bring discredit upon the armed forces and to the prejudice of good order and discipline in the armed forces, in violation of Article 134, Uniform Code of Military Justice. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Senior Judge FELDER concurs.

Judge ROBBLEE took no part in the decision of this case.