**UNITED STATES, Appellee,**

v.

**Private E1 George A. NOCIFORE, 568–19–8148, United States Army, Appellant.**

**ACMR 8903815.**

U.S. Army Court of Military Review.

17 Oct. 1990.

Reconsideration Denied 28 Nov. 1990.

For Appellant: Colonel Robert B. Kirby, JAGC, Captain Allen F. Bareford, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before De GIULIO, DELINE and VARO, Appellate Military Judges.

OPINION OF THE COURT

VARO, Judge:

Pursuant to his pleas, the appellant was convicted at a special court-martial empow-

ered to adjudge a bad-conduct discharge of absence without leave, resisting apprehension, and possession of cocaine, violations of Articles 86, 95, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895, and 912a (1982 & Supp. V 1987) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for thirty days, and forfeiture of $460.00 for one month.

On 1 December 1989, officers from the Long Beach, California, Police Department responded to complaints of drug activity in a laundromat in the city. Upon arriving at the scene, they observed the appellant standing in front of the laundromat with two other individuals. When the officers approached, the appellant began to run and was seen throwing a clear plastic bag on the ground. Long Beach Officer Cooper picked up the bag and believed it contained rock cocaine. He then chased the appellant and subsequently apprehended him.

The appellant now asserts that the record of trial fails to establish a factual basis for the plea of guilty to the charge of resisting apprehension in light of *United States v. Harris*, 29 M.J. 169 (C.M.A.1989). In *Harris*, the United States Court of Military Appeals determined that an appellant who fled from a police officer who had no immediate intent to apprehend, could not be found guilty of resisting apprehension under UCMJ Article 95. The case at bar is factually distinguishable from that portion of *Harris* dealing with the intent of the arresting officer. Here, the record of trial establishes that Officer Cooper responded to a drug related complaint, observed the appellant at the scene of the complaint, observed the appellant drop a bag containing what Officer Cooper believed to be rock cocaine, and then chased the appellant with a clear intent to arrest him.

In deciding *Harris*, the Court went further than the facts of the case and determined in Section B of the opinion that some form of physical resistance, in addition to mere flight, is necessary for a violation of UCMJ Article 95. This new standard was developed despite the clear language of Manual for Courts–Martial, United States,

1984, Part IV, paragraph 19c(1)(c) [hereinafter MCM, 1984], to the opposite:

(c) *Nature of the resistance.* The resistance must be active, such as assaulting the person attempting to apprehend or *flight.* (Emphasis added).

The government argues that Section B of *Harris* is mere dicta that we need not and should not follow in the case at hand. In this regard, we note that *Harris* could have been decided solely on the issue of intent to apprehend as discussed in Section A of the opinion. Applying the law to the facts, the Court in *Harris* determined that because there was no intent to apprehend there could be no resisting of apprehension. No more was necessary to decide the case. However, we are not fully swayed by the government's argument. In our opinion, *Harris*, right or wrong, was decided on two grounds: first, the issue of intent to apprehend and second, the validity of the inclusion of "flight" in the definition of resistance in MCM, 1984 paragraph 19c(1)(c). As the "decision rests on two or more grounds, none can be relegated to the category of *obiter dictum.*" *Woods v. Interstate Realty Company*, 337 U.S. 535, 537, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1949).

In *Harris*, the Court of Military Appeals noted that its conclusions conformed with the opinion of this court in *United States v. Kline*, 15 M.J. 805 (A.C.M.R.1983), *aff'd on other grounds*, 21 M.J. 366 (C.M.A.1986). In *Kline*, the appellant asserted that fleeing from the military police at Fort Meade, Maryland was chargeable solely under UCMJ Article 95, thus preempting the actual charge in the case under UCMJ Article 134 (eluding the police in violation of Maryland law as assimilated by the Assimilative Crimes Act, 18 U.S.C. § 13 (1982)). Analyzing the apprehension issue, the Army Court of Military Review in *Kline* determined that "Article 95, UCMJ, is designed to protect those persons empowered to apprehend an individual from harm or injury as they seek to restrain an individual who is believed to be or has been engaged in criminal conduct." 15 M.J. at 807.

■ While we disagree with the government position that Section B of *Harris* is

dicta, at the same time we do not read the opinion to state that all incidents involving flight or elusion are now removed from the umbrella of UCMJ Article 95. To read the case that narrowly would almost encourage our military and civilian police to engage in fisticuffs at each apprehension or arrest. A broader reading is clearly necessary as it is apparent that the Court of Military Appeals in *Harris* is seeking merely to assure that the purpose of UCMJ Article 95, as set forth in *Kline* is met. As such, whether a particular flight or elusion is tantamount to resisting apprehension will necessarily rest on the facts of a specific case if UCMJ Article 95 is used instead of the alternative measures suggested by the Court of Military Appeals.

 Our review of the record of trial in the case at bar reveals that the appellant did nothing more than run from a police officer. There is no evidence that police personnel or passersby were in any way endangered by this chase. Thus, on the issue of flight, the case is similar to *Harris*, and applying the *Harris* standards, the charge of resisting apprehension will be set aside and dismissed.

 After reviewing the entire record of trial, we are convinced that even in the absence of Charge II and its Specification the trial judge would have adjudged the same sentence. Therefore, no rehearing on sentencing is required. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

The findings of guilty of Charge II and its Specification are set aside and Charge II and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Senior Judge De GIULIO concurs.

Judge DELINE dissenting: *

It is my opinion that *United States v. Harris*, 29 M.J. 169 (C.M.A.1989), is not controlling in the case at bar. I agree with the first half of the *Harris* case which held that persons apprehending must possess specific intent to apprehend. The military policeman in the *Harris* case was pressed at trial on whether he intended to apprehend when he entered into a high speed chase with Private First Class Harris. He steadfastly maintained that he did not. The issue of lack of intent to apprehend, however, is not present in the case at issue. In Private Nocifore's case, the officer intended to apprehend and the accused knew it. Private Nocifore pled guilty to the offense at trial—Harris did not. The accused, as he ran, attempted to separate himself from damning evidence as well. I believe the second half of the *Harris* case is dictum and, therefore, should not be controlling in Private Nocifore's case.

The majority opinion acknowledges that the arresting officer had the intent to apprehend. Their reason for reversal rests on the second half of the *Harris* case which they interpret as part of the ruling. Accordingly, the majority states that *Harris* was actually decided on two issues, the "intent" issue and the "flight" issue. I disagree. Black's Law Dictionary 409 (5th ed. 1979) defines "dictum" as:

an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination; .... Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta....

The essential part in the *Harris* ruling was merely the determination of the intent of the apprehending officer. Once made, it negated the necessity of a decision on what constituted "resisting" apprehension.

The majority states they "do not read the opinion [in the *Harris* case] to state that all incidents involving flight or elusion are now removed from the umbrella of UCMJ Article 95." Accordingly, they advocate that future courts must proceed on a case

* Judge Donald A. Deline took final action on this decision prior to his reassignment.

by case basis, thereby leaving the issue of what constitutes "resisting" open to further interpretation. They do not believe, however, that Private Nocifore's actions constituted resisting apprehension. The Manual for Courts-Martial, United States, 1984, Part IV, paragraph 19c(1)(c) is clear. Flight alone is enough to satisfy the Manual's definition of "resistance".

To allow *Harris* to stand for the principle that flight alone is insufficient in all cases would lead to some interesting situations. For example, suppose the other two individuals involved with Private Nocifore had decided to run at the same time but in opposite directions. The remaining police officer would first have to make a decision on which one to chase. If his chase was successful, he would have only apprehended one of the other two and that individual, free of drugs, would have committed no crime. Police officers outnumbered by suspects will often be at such a disadvantage—the *Harris* decision as broadly construed in the case at hand only helps frustrate law enforcement. This interpretation places police with a right to apprehend in a situation where flight can be used to hinder their efforts with no fear of sanctions.

The majority would have us believe that the person who defies authority and necessitates a foot race, has done nothing wrong. It is difficult enough for law enforcement personnel to perform their duties without adding to their frustrations by requiring them to chase down individuals they intend to apprehend. If a suspect can outrun the authorities and/or successfully destroy evidence during his flight, he can significantly hinder the proper efforts of law enforcement officials and yet have committed no crime by running. I believe UCMJ Article 95 was intended not only to protect these officials but to make it a punishable offense to hamper their efforts.

The suggestion in *Harris* that regulations be passed to make mere flight punishable places the government in an awkward situation. To do so raises the maximum punishment for resisting apprehension from a bad-conduct discharge and one year of confinement to a dishonorable discharge and two years of confinement. If a portion of the court's intent is to not punish individuals for the act of running away from a police official, they have suggested an alternative that increases the punishment.

The facts alone distinguish this case from *Harris*. The second half of the *Harris* decision was not essential to the findings and was dictum. To conclude otherwise is to place an additional, unessential burden on law enforcement personnel.

I would affirm the findings of guilty of Charge II and its Specification.