UNITED STATES, Appellee,

v.

John L. MALONE, Seaman Apprentice
U.S. Navy, Appellant.

No. 66,634.

NMCM 90 3326.

U.S. Court of Military Appeals.

Argued Dec. 4, 1991.

Decided May 11, 1992.

For Appellant: *Major Richard T. McNeil, USMC* (argued).

For Appellee: *Lieutenant K.S. Anderson, JAGC, USN* (argued); *Commander Thomas W. Osborne, JAGC, USN* (on brief).

**PER CURIAM.**

Appellant was convicted by a military judge sitting as a general court-martial of fourteen offenses,[1] including one specification of unauthorized absence from August 16 to 24, 1989, and another specification of resisting apprehension, in violation of Articles 86 and 95, Uniform Code of Military Justice, 10 USC §§ 886 and 895, respectively. He was sentenced to a bad-conduct discharge, 3 years' confinement, total forfeitures, and reduction to E1. The convening authority approved the sentence but suspended a portion of the confinement. The Court of Military Review affirmed the findings of guilty and the sentence in a short-form decision dated March 6, 1991.

This Court granted review of the following issues specified by the Court:

I

WHETHER APPELLANT'S PLEAS OF GUILTY TO SPECIFICATION 2 OF CHARGE II (UNAUTHORIZED ABSENCE FROM 16 TO 24 AUGUST 1989) WERE IMPROVIDENT AS HIS COMMAND HAD TURNED HIM OVER TO CIVILIAN AUTHORITIES TO SERVE A SENTENCE FROM A CIVILIAN CONVICTION. *SEE* ART. 14, UNI-

---

1. In violation of Articles 107, 111, 121, and 128, Uniform Code of Military Justice, 10 USC §§ 907, 911, 921, and 928, respectively.

FORM CODE OF MILITARY JUSTICE, 10 USC § 814.

## II

WHETHER APPELLANT'S PLEAS OF GUILTY TO SPECIFICATION 1 OF CHARGE III (RESISTING APPREHENSION) WERE IMPROVIDENT AS APPELLANT'S ONLY RESISTANCE WAS HIS FLIGHT FROM THE APPREHENDING OFFICER.

■ As to the first issue, this Court accepts the concession by the Government that the pleas were improvident because the judge failed to resolve the issue as to whether appellant was authorized by the command to attend the proceedings that resulted in his absence. However, we also hold that appellant's pleas of guilty to resisting apprehension were provident.

■ The Court has again been asked to rule on whether the Government has proved the third element of resisting apprehension, that is, whether "the accused actively resisted the apprehension."[2] On October 19, 1989, appellant was driving a stolen car on base when a military policeman appeared behind him with his police vehicle's lights flashing. Appellant thought the stolen car had been recognized and that the policeman "wanted" him "to pull over and stop." Appellant came to a full stop and started to get out of the stolen car to see what the officer wanted. The policeman, still in the vehicle, told appellant to return to the car. Appellant, realizing that this meant the policeman was going to apprehend him, got back in his car and drove away.

The distance from that point on the base to where appellant finally stopped was 100 yards. About 50 yards from the gate, a police barricade, which consisted of a vehicle blocking both lanes of the road and two investigators standing by the vehicle, was set up. Seeing the barricade, appellant accelerated his car and went around the barricade on the shoulder of the road heading for the gate. A sentry guard blocked the gate exit by placing a vehicle on the road. Appellant swerved his car and sped toward the gate entrance. The sentries, seeing him coming, ran out of the way. Appellant missed one sentry by only 20 feet. We hold that these actions of appellant were not mere flight. *Cf. United States v. Burgess*, 32 MJ 446 (CMA 1991) (mere flight from arrest order and sirens—no evidence of endangerment of others); *see United States v. Harris*, 29 MJ 169 (CMA 1989).

We are satisfied that appellant is not prejudiced as to sentence by our action concerning specification 2 of Charge II.

The decision of the United States Navy–Marine Corps Court of Military Review as to specification 2 of Charge II is reversed. The finding of guilty thereon is set aside and that specification is dismissed. In all other respects the decision below is affirmed.

Judge WISS and Senior Judge EVERETT did not participate.

---

2. The elements of the offense of resisting apprehension are set out in the Manual for Courts-Martial, United States, 1984, as follows:
   (a) That a certain person attempted to apprehend the accused;
   (b) That said person was authorized to apprehend the accused; and
   (c) That the accused actively resisted the apprehension.
   Para. 19(b)(1), Part IV.