**UNITED STATES, Appellee,**

v.

**Private Kevin L. WEBB, 346–64–6825, United States Army, Appellant.**

**ACMR 9300242.**

U.S. Army Court of Military Review.

5 May 1993.

For Appellant: Captain Robert H. Pope, JAGC, Captain Michael Huber, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

DELL'ORTO, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of absence without leave, resisting apprehension, wrongful use of marijuana, and breach of the peace, in violation of Articles 86, 95, 112a, and 116, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895, 912a and 916 (1982 and Supp. V 1987). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant assigns two errors. One, a challenge to the jurisdiction of his court-

martial because the military judge was designated in violation of the Appointments Clause of the Constitution, was resolved against him by the United States Court of Military Appeals in *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), and accordingly, the issue lacks merit. In a second assigned error, the appellant asserts that his plea to resisting apprehension (Charge II and its Specification) was improvident. We disagree with the appellant on this issue as well and affirm the findings of guilt and the sentence.

The appellant specifically complains that the military judge failed to resolve inconsistencies about the acts which constituted the appellant's resistance to apprehension raised during the providence inquiry. In recounting his efforts to flee on foot from the military policeman (MP) who was attempting to apprehend him at night on Caserma Ederle, Vicenza, Italy, the appellant described a point in the chase at which he stopped, turned and faced the pursuing MP, and assumed a "fighting stance."[1] He described this stance as one in which his feet were apart and he was crouched, that is, his knees were partially bent and his body was partially bent over at the waist. He responded affirmatively when the military judge asked, "Would it be fair to say that someone looking at that [the appellant's stance] would believe that you were ready for some kind of physical contact?" When the MP came within five feet of him, the appellant turned and ran off, successfully avoiding apprehension that evening.

■ There is no dispute that the first two elements of the offense of resisting apprehension were satisfied during the providence inquiry.[2] Flight alone, however, is not adequate to establish the third element of the offense. *United States v. Harris*, 29 M.J. 169 (C.M.A.1989). The issue here is whether the appellant's acts of

temporarily terminating his flight, turning, facing his pursuer, and adopting a "fighting stance," are sufficient to satisfy the third element, specifically that portion that requires "active resistance." *United States v. Burgess*, 32 M.J. 446 (C.M.A. 1991). An attempt by the thief of a stolen automobile to prevent his apprehension by accelerating the vehicle, driving around a police barricade, swerving to avoid another vehicle placed in his path, and scattering sentries posted at the gate through which he was attempting to exit constitutes "active resistance" sufficient to satisfy the third element. *United States v. Malone*, 34 M.J. 213 (C.M.A.1992).

■ We hold that the appellant's acts, as admitted by him during the providence inquiry, agreed to in a stipulation of fact, and as clarified by the alert military judge, were sufficient to satisfy the third element. Key to our holding is our belief that when the appellant turned to face his pursuer, albeit momentarily, he was no longer evading his pursuer, but instead confronting him. By his own admission, the appellant established that his pursuer could have anticipated a physical encounter at that point. The risk of harm to both the MP and to the appellant escalated at that instant. Had the MP detected, in the darkness, the glint of a reflection from a piece of metal on the appellant's clothing, he might have drawn his weapon, with unpredictable and perhaps tragic results. At a minimum, when the appellant allowed the pursuing MP to approach to within five feet before resuming his flight, there existed a high probability of the type of physical encounter about which this Court has previously expressed its concern. *See United States v. Nocifore*, 31 M.J. 769, 771 (A.C.M.R.1990), *aff'd*, 33 M.J. 485 (C.M.A.1991) (an overly narrow reading of *Harris* "would almost encourage our military and civilian police to engage in fisticuffs at each apprehension or

---

1. The appellant's Military Occupational Specialty is 11B, Infantryman.

2. The elements of the offense of resisting apprehension are: (1) That a certain person attempted to apprehend the accused; (2) That said person was authorized to apprehend the accused; and (3) That the accused actively resisted the apprehension. Manual for Courts–Martial, United States, 1984, Part IV, para. 19b.

arrest"). Accordingly, the appellant's plea to the offense of resisting apprehension was provident.

We have carefully considered the issue of sentence severity the appellant personally raises pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find it to lack merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge GONZALES concur.